IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS G. BRENNAN, AIS 263642,   :

    Petitioner,                                         :

vs.                                                           :          CA 17-0005-WS-C

WARDEN STRICKLAND,[1]                       :

    Respondent.

**REPORT AND RECOMMENDATION**

Thomas G. Brennan, a state prisoner presently in the custody of the Warden of Bullock Correctional Facility in Union Springs, Alabama, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) In the petition, Brennan once again seeks to challenge his October 8, 2008 first-degree rape and incest convictions, and the resulting concurrent sentences, out of the Circuit Court of Baldwin County, Alabama. (*See id.* at 2.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).[2]

---

[1] It appears to the undersigned that the current warden of Bullock Correctional Facility is Derrick Carter. *See* http://www.doc.state.al.us/facility.aspx?loc=4 (last visited, January 5, 2017, at 4:26 p.m.).

[2] In light of the contents of this report and recommendation, Brennan's motion for leave to proceed without prepayment of costs and fees (Doc. 2) is **DENIED**.

## **DISCUSSION**

Brennan utilizes his present habeas corpus petition and accompanying forty-eight (48) page memorandum (*see* Doc. 1) as a platform for criticizing this Court's failure to construe, in particular, ground two of his "earlier petition" in *Brennan v. Wise*, CA 11-0418-CB-N, as liberally as possible to raise the strongest argument it may have suggested and address such argument on its substantive merits (*see* Doc. 1, Attached Memorandum, at 2; *see also id.* at 16-20). Along the way, Brennan points to the Supreme Court's holding in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) that "a habeas petition which if filed after an initial petition was dismissed without adjudication on the merits for ***failure to exhaust state remedies*** is not a 'second or successive' petition as that term is understood in the habeas corpus context[,]" *id.* at 478, 120 S.Ct. at 1601 (emphasis supplied), as support for his position that the instant petition is not a "second or successive" petition. (*See id.* at 21.)

> This Court dismissed the petitioner[']s initial petition without reaching the merits as to the 6th and 14th Amendment federal constitutional violations [] raised in ground two of earlier petition[,] due to the Court[']s erroneous reliance on the 'answer of respondents,' construment (sic) of the petitioner's federal constitutional violations claims raised in ground two of initial petition as a double jeopardy violation[] claim, for reasons unknown, is the reasoning this Court failed to reach the merits of the petitioner[']s above said federal constitutional violations claims. Due to the above said [] error and U.S. Supreme Court holdings, the petitioner[']s later petition is not 'second or successive', but numerically second for the above said reasons.

(*Id.*) Brennan, however, is wrong in arguing that the instant petition is not a "second or successive" petition for the simple fact that his initial 22 page habeas corpus petition, and accompanying 148-page memorandum, *see Brennan v. Wise,* CA 11-0418-CB-N, Docs. 1 & 2, was not dismissed without adjudication on the merits for failure to exhaust state remedies; instead, this Court addressed the initial petition through the Magistrate Judge's comprehensive 32-page report and recommendation and a *de novo*

2

review/determination by Senior United States District Judge Charles R. Butler, Jr., *id.* at Docs. 25 & 33-34, and the petitioner had the opportunity to assert in the Eleventh Circuit Court of Appeals any obvious errors made by this Court, *see id.* at Doc. 42.[3] Since this Court did not dismiss Brennan's initial petition for failure to exhaust state remedies and, instead, address all his claims on the merits, *see, e.g., Henderson, infra,* 396 F.3d at 1053 ("We . . . join the Second Circuit in holding that 'a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.'"), the instant petition does, in fact, constitute a "second or successive" petition as that term is understood in the habeas context, as found more distinctly *infra*.

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

---

[3] Indeed, the Eleventh Circuit Court of Appeals issued a 13-page order denying Brennan's motion for a certificate of appealability. *See id.*

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 483 (2009); *Morales v. Florida Department of Corrections,* 346 Fed.Appx. 539, 540 (11th Cir. Sept. 29, 2009) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The records retained by this Court indicate that Brennan filed a previous habeas petition, pursuant to the provisions of 28 U.S.C. § 2254, challenging the same convictions and sentences he challenges in the instant petition. *See Brennan v. Wise,* CA 11-0418-CB-N. In *Brennan v. Wise,* this Court determined that Brennan's § 2254 petition was due to be denied either because he procedurally defaulted each of his claims for

relief and failed to establish cause and prejudice (or a fundamental miscarriage of justice) excusing his procedural default(s)[4] or because those claims lacked any merit. *See Brennan v. Wise, supra,* at Docs. 25 & 33-34; *cf. id.,* at Doc. 42. Indeed, this Court specifically found Brennan's second ground for habeas corpus relief both procedurally defaulted and also lacking in merit, *see Brennan v. Wise, supra,* Doc. 25, at 20-22; *see also id.* at 21-22 ("Brennan argued that he 'cannot be convicted under both subsections (a)(1) and (a)(3) for a single act.' Although not directly addressed by the Court of Appeals, it is clear that this double jeopardy claim is procedurally barred for the same reason used with respect to the rape/incest claim specifically addressed in the appellate decision. It would be deemed to be a nonjurisdictional claim by the Court of Criminal Appeals because it did not involve 'simultaneous convictions for both a greater and a lesser-included offense.' Consequently, Brennan's failure to present this double jeopardy claim in a pretrial motion would also be held to constitute a waiver of the claim. In

---

[4] A district court's dismissal of a petitioner's first habeas petition based on procedural default constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir.) ("We . . . join the Second Circuit in holding that 'a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.'"), *cert. denied sub nom. Henderson v. Hill,* 546 U.S. 884, 126 S.Ct. 199, 163 L.Ed.2d 189 (2005); *Turner v. Artuz,* 262 F.3d 118, 123 (2d Cir.) ("The determination that claims . . . were procedurally defaulted qualifies as an adjudication on the merits. . . . We therefore conclude that Turner's subsequent § 2254 petition was '"second or successive" for purposes of the AEDPA' and 'require[s] authorization pursuant to . . . [§] 2244(b)(3)(A).'"), *cert. denied,* 534 U.S. 1031, 122 S.Ct. 569, 151 L.Ed.2d 442 (2001); *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) ("[B]ecause [petitioner's] initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 22[4]4(b)."); *Johnson v. State of Alabama,* 2013 WL 776251, *1 (M.D. Ala. Jan. 16, 2013) ("[D]ismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements."), *report and recommendation adopted*, 2013 WL 775382 (M.D. Ala. Feb. 28, 2013).

addition, the claim would have alternatively been held to be without any merit. In King v. State, 574 So.2d 921 (Ala.Cr.App. 1990), the case relied on so heavily by Brennan, reversed on double jeopardy grounds defendant's simultaneous conviction of first-degree rape and first-degree sexual abuse arising out of the same act because first-degree sexual abuse is a lesser included offense of first degree rape. The King court did not, however, find it objectionable to include two subsections of a criminal statute in a single count of an indictment because 'the two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses.'" (citations omitted)), as did the Eleventh Circuit Court of Appeals, *see Brennan v. Wise, supra,* Doc. 42, at 9-10 (all but identical analysis). That this Court and the Eleventh Circuit Court of Criminal Appeals construed the second ground of the initial petition as raising a double jeopardy claim and addressing it in that context, rather than construing that ground in whatever manner Brennan now claims was proper (*see* Docs. 1 & 2), simply does not establish that petitioner did not receive an adjudication on the merits.[5]

In light of the foregoing, it is clear that the instant petition, filed in this Court on or about December 28, 2016 (*see* Doc. 1, at 10), is a successive petition, yet there is nothing to indicate that Brennan filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition or that he received such an order from a three judge panel of the Eleventh Circuit Court of

---

[5] In particular, that this Court and the Eleventh Circuit Court of Appeals addressed the merits of Brennan's "duplicity" argument set forth in ground two of his first habeas corpus petition is clear from both Courts' specific reference to the fact that the Alabama Court of Criminal Appeals, in *King v. State,* 574 So.2d 921, 929 (Ala.Crim.App. 1990), did not "find it objectionable to include two subsections of a criminal statute in a single count of an indictment." *Brenna v. Wise, supra,* Doc. 42, at 10; *see also id.,* Doc. 25, at 22.

Appeals authorizing this Court to consider a successive application for habeas relief.[6] *Compare Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.") *with* 28 U.S.C. § 2244(b)(3)(B) & (C) ("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals. [] The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Brennan's request for relief, *compare Farris, supra,* 333 F.3d at 1216 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997); *see Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) ("Because this undertaking would be [petitioner's] second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief."). Accordingly, this cause is due to be dismissed, without prejudice, for

---

[6] Of course, it is obvious that Brennan did not file such an application with the Eleventh Circuit Court of Appeals given his misguided position that the instant petition is not a "second or successive" habeas corpus petition.

want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[7]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. §

---

[7] The undersigned recommends that this Court dismiss without prejudice Brennan's present petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra,* 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a successive pleading and Brennan's first federal habeas petition was dismissed on the merits based on unexcused procedural defaults (and/or on the actual substantive merits of the claims), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant third petition, without prejudice, for want of jurisdiction or that Brennan should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Thomas G. Brennan's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh

Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 10th day of January, 2017.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**